IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                              No. 95-50454
                            Summary Calendar
                          _____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE MUNOZ-MONREAL,

                                        Defendant-Appellant.


                          - - - - - - - - - -
                Appeal from the United States District Court
                     for the Western District of Texas
                        USDC No. EP-94-CR-261-DB
                          - - - - - - - - - -
                            February 2, 1996
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Jose Munoz-Monreal appeals from his conviction for

conspiracy to possess with intent to distribute cocaine.  He

argues that the district court abused its discretion by admitting

hearsay evidence and that the prosecutor improperly vouched for

the credibility of a government witness.  Given the fact that

Munoz-Monreal first introduced the challenged hearsay testimony

upon his redirect examination of Agent Martinez, the district

court did not abuse its discretion by admitting the testimony.

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

See <u>United States v. Deisch</u>, 20 F.3d 139, 154 (5th Cir. 1994).
In any event, any error from the admission of the testimony was
harmless.  See <u>United States v. Sanchez-Sotelo</u>, 8 F.3d 202, 210
(5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1410 (1994).  Further,
because the prosecutor's comment was "invited" by defense
counsel's implication that a government witness had violated the
terms of his plea agreement and "did no more than respond
substantially in order to `right the scale,'" reversal on this
issue is not warranted.  See <u>United States v. Arce</u>, 997 F.2d
1123, 1130 (5th Cir. 1993).

AFFIRMED.